On Application por Rehearing.
Breaux, J.
The plaintiffs and intervenor abandoned their demand to have the probate sale to the late G. W. Race declared null.
All questions relating to the title of the property bought at that sale are settled.
The remaining issues relate principally to an amount claimed by defendant as due by the plaintiffs.
The claim originally was not disputed by plaintiffs. It was submitted in pleadings, by which they are bound, as an amount for which they were indebted.
A decree of this court was pleaded as an estoppel, and as res judicata.
*1174 The proposition does not admit of discussion; an issue properly-determined operates as a bar to any further consideration of the subject.
In the petition for the judgment pleaded as res judicata the plaintiffs admitted their indebtedness, or rather the indebtedness of their mother, to the defendant from whom they inherited, while in the petition they claimed certain items as due to them by the defendant.
The answer in that suit did not traverse plaintiffs’ allegation admitting their indebtedness. The defendant denied his indebtedness; nothing more. This was the issue tried and decided. No reference was made to the admission, and no part of the admitted amount was incorporated in the decree. The judgment is absolutely silent as to the claim. The court did not give a judgment for the amount, nor was it on the other hand rejected.
Without pleading in point, without an issue, raised, in partition proceedings, in which there are many items, we do not think that res judicata applies. It must be borne in mind that this was not a contested claim, and that the admission was in the interest of the one against whom the judgment is now placed as res judicata.
Tn the decree, pleaded as the thing adjudged, the court reserved to plaintiffs, rights to other property, if any, they had. Johns vs. Race, 18 An. 105, 107.
In our decree in this case we held that the judgment operated as res judicata, referring to the issues pleaded, and finally •decided, and not to an amount admitted by plaintiff as due and not passed upon by the court.
It is true that the plea of res judicata can be invoked in partitition proceedings when the judgment; decides the issues. ,
It does not follow that failure to fix a credit, upon the pleading and admission of a plaintiff, bars an action for an amount silently passed over, and which did not, in any respect, enter into the judgment.
The defendant can not be compelled to reconvene.
The principle is laid down by Mr. Bigelow in his valuable work on Estoppel, p. 135. His illustration is pointed in support of the proposition that the judgment is not conclusive, and that a remedy remains to secure the admitted amount.
The judgment pleaded as res judicata decreed a partition of the *1175 property. To serve as a basis for the partition an inventory was taken in accordance with requirement of the decree. This debt to the succession due by the plaintiffs was inventoried. It is true that the partition was not made. But the inventory remained unquestioned. These many years the heirs have remained silent. It is true in the prooes verbal of the inventory it does not appear that -the heirs were made parties. Previous to the inventory, however, their attorney accepted service of the petition for the partition. It was treated as a correct inventory and offered in evidence without suggestion of error. A conclusive presumption supports its correctness. Fink vs. Lallande, 16 L. 547, 554; Drouet vs. Rice, 2 R. 374, 377. Contemporanea expositio est optima et fortissima in lege-.
The plea of prescription is interposed on part of the plaintiffs as another bar to this claim of defendant. The sale of the property reduced the assets to cash or its equivalent.
The two debts to an equal amount are reciprocally extinguished— that is, the amount due by defendant on his purchase was extinguished by an equal amount due him by the estate, inherited by the plaintiffs. These successions had been accepted by the plaintiffs. The rights were inherited. The adjudicatee was indebted for the price. He was at the same time a creditor of the heirs of the succession. Extinction took place after these many years of uninterrupted acquiescence.
This brings us to the matter of the balance remaining due on the face of the papers after deducting the purchase price from the total found due to the defendant; an issue now pressed by the defendant. The interested parties seemed for many years, while all the witnesses were alive, to have considered everything connected with these successions settled. It is now a fait accompli, not, we think, to be lightly disturbed. The difference was established many years ago and must have been well known by the parties. The defendant must have known that an amount was due. For good reasons doubtless he did not choose to claim it. In our opinion the statute of prescription applies to this balance.
The defendant and appellee apprehends that our decree affects her title. This was not the intention and it does not follow from its terms.
In order to place the matter at rest our decree is modified so. as to apply in rejecting the reconventional demand only to the amount *1176 claimed as due to the defendant after deducting Ms indebtedness from the total due him as before stated — i. e., to money demands.
With this slight modification our original decree remains unchanged.